United States Courts
Southern District of Texas
FILED

JAN - 8 2007

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TORCH ENERGY ADVISORS INCORPORATED | § § § | |
| VS. | § § | H-07 -0074 |
| THE HUGH MACRAE LAND TRUST, A VIRGINIA LAND TRUST, BY AND THROUGH ITS TRUSTEES, MR. ALAN SIEGEL, MR. WILLIAM B. COCKE AND THE UNKNOWN TRUSTEE | § § § § § § | CIVIL ACTION NO. _____ |

## ORIGINAL COMPLAINT AND NOTICE OF APPLICATION FOR ORDER TO CONFIRM ARBITRATION AWARD

Torch Energy Advisors Incorporated ("*Torch*") files this Original Complaint and Notice of Application for the Issuance of an Order to Confirm an Arbitration Award rendered against The Hugh Macrae Land Trust, a Virginia Land Trust ("*Macrae Trust*") under the Federal Arbitration Act and in support of this Complaint would show:

### PARTIES

1.   Plaintiff, Torch Energy Advisors Incorporated, is a Texas corporation doing business in Houston, Harris County, Texas.

2.   Defendant, The Hugh MacRae Land Trust, is a Virginia Land Trust, which apparently has three trustees, Mr. Alan Siegel (a lawyer at Akin, Gump in New York), Mr. William B. Cocke (a lawyer in North Carolina) and another trustee the name of whom is presently unknown. Service of this Complaint will be made by the delivery of a copy of the same to Mr. Gregg C. Laswell at Hicks, Thomas & Lilienstern, L.L.P., at 700 Louisiana Street, Suite 2000, Houston, Texas 77002. In a telephone conversation on January 8, 2007, Mr. Laswell represented to the undersigned that he has been authorized to accept service of process for the

20020186 20050392/270696.v1

Macrae Trust.

## JURISDICTION AND VENUE

3.      Jurisdiction and venue is proper under 9 U.S.C. § 9 which provides in pertinent part as follows:

> *If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties,* **then such application may be made to the United States court in and for the district within which such award was made**. *Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.*

## FACTS

4.      Torch and the Macrae Trust entered into a written contract dated as of December 29, 1997, a true and correct copy of which is attached as Exhibit "A" (the "***Acquisition Agreement***"). The Acquisition Agreement provided for the compulsory arbitration of any Dispute in Sections 18.1-18.5. In particular, Sections 18.1 and 18.2 provided as follows:

> ***18.1   Binding Arbitration***. *On the request of any party hereto, whether made before or after the institution of any legal proceeding, any action, dispute, claim or controversy of any kind now existing or hereafter arising between any of the parties hereto in any way arising out of, pertaining to or in connection with this Agreement, the conveyance or the Deferred Payment Agreement (a "Dispute") shall be resolved by binding arbitration in accordance with the terms hereof. Any party may, by summary proceedings, bring an action in court to compel arbitration of any Dispute.*

> ***18.2  Governing Rules.*** *Any arbitration shall be administered by the American Arbitration Association (the "AAA") in accordance with the terms of this Section 18, the Commercial Arbitration Rules of the AAA, and, to the maximum extent applicable, the Federal Arbitration Act. Judgment on any award rendered by an arbitrator may be entered in any court having jurisdiction.*

5.      At the request of the Macrae Trust, since they had already hired counsel in Houston, and by the agreement of Torch, the parties agreed that the arbitration would take place in Houston, Texas. The Parties also jointly agreed upon Raymond Kerr, a Houston lawyer, as the Arbitrator in the case (the "***Arbitrator***"). The Arbitrator was impaneled in accordance with the rules of the American Arbitration Association.

6.      The arbitration arose out of an Acquisition Agreement governing the purchase by Torch of certain interests of the Macrae Trust in Buchanan County, Virginia. The agreed method of payment for the acquisition of those rights included a production payment relating to the coal seam methane gas (the "***Production Payment***"). Section 5 of the Production Payment conveyance (Annex II of the Acquisition Agreement) contained a volume limitation on the gas reserves to which the Production Payment would apply. That section read as follows:

> ***5.   Satisfaction of Production Payment.*** *The Production Payment shall be calculated through the date on which the volume of Methane produced and sold with respect to the properties subject to the Royalty Interest and attributable to the Royalty Interest after January 1, 1998 equals 410,467 mcf.*

Thus, the Production Payment would cease when 410,467 mcf had been produced.

7.      Due to accident or mistake, when the volume limitation of 416,467 mcf was reached, Torch continued to pay the Production Payment to the Macrae Trust. According to Torch's records, the overpayment amounted to $766,027.75. Because a credit of $149,764.48 was due to the Macrae Trust arising from a transportation refund, the net amount alleged to have been due from the Macrae Trust was approximately $616,308.27.

8.      This Arbitration was filed to recover the overpayment because, although

requested to refund the overpayment, the Macrae Trust refused. The Macrae Trust counterclaimed alleging a variety of mistake theories all focused upon avoiding the text of the Production Payment and essentially rewriting the Acquisition Agreement.

9. The Macrae Trust lost every one of its arguments and Torch was ultimately successful in its efforts to recover the overpaid amounts. In support of his 26 page Award, attached hereto as Exhibit "B"[1], (the "*Award*") the Arbitrator found that the Macrae Trust had articulated so many mistake theories "... that their testimony was unpersuasive ... [and] [t]here was no mistake proven by a preponderance of the evidence". Award, Page 15, Paragraph 29. In fact, the Arbitrator found that the Trustee who had negotiated the Acquisition Agreement, Alan Siegel, had been simply negligent in the handling of his duties. See, Award, Page 6, Paragraph 12. The Arbitrator seized upon the theory of Torch that "... a deal is a deal". Award, Page 16, Paragraph 1. The Arbitrator then awarded Torch in excess of $740,000 in damages, fees and expenses.

10. After exhaustive settlement discussions, email exchanges, and even the transmission of a proposed settlement agreement prepared by the undersigned the Macrae Trust and Torch were never able to arrive at an agreement. This failure occurred despite reasonable efforts by all of the parties. In fact, the last efforts to settle came on the day that this Complaint was filed and firmly convinced the undersigned attorney that no settlement will be forthcoming due to the thorny issues described by the Award. Hence, this is an action to confirm the Award issued by Raymond Kerr. It is undisputed that the Award is a mutual, final, and definite award upon the subject matter submitted to the Arbitrator.

11. If evidence is necessary, the The Macrae Trust fully participated in the arbitral proceedings leading to the Award. Among other things, the Macrae Trust offered many exhibits,

---

[1] All Exhibits are incorporated herein by reference.

several live fact and expert witnesses, deposition testimony, and proposed findings of fact and conclusions of law. A testimonial record was made of the entire proceeding.

12. The Arbitrator clearly conducted the proceedings fairly and impartially and did not exceed his power. In fact, the Award was the product of much effort on the part of the Arbitrator because he clearly made his own Award from the findings of fact and conclusions of law submitted by both parties.

13. The Award was obtained by just and fair means, consistent with public policy of the United States, the State of Texas and the agreement of the parties. It is clear that the Award was not procured by corruption, fraud, or undue means. The Arbitrator did not express any evident partiality and there was no corruption in the proceeding. Moreover, there was no misbehavior through which the rights of any party have been prejudiced.

14. The Arbitrator had no material conflict of interest with Torch or the Macrae Trust and fully disclosed any relationship that he may have had with the attorneys and parties in the arbitration.

15. All conditions precedent, if any, hereto have been satisfied, have occurred or have been waived.

16. Torch prays for the recovery of all attorneys' fees and expenses as have been incurred in the filing of this pleading and as may be incurred in the future prosecution of this matter all in accordance with the Acquisition Agreement and the Federal Arbitration Act.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays that:

    A. The Final Award be confirmed as a valid, existing judgment of this Court with all legal enforcement rights consistent therewith;

    B. The Macrae Trust be ordered to pay post-judgment interest to Torch at the

        highest lawful interest rate from the date of the Award until satisfaction of the Award;

C.    The Macrae Trust be ordered to pay Torch for all costs of filing this petition and of the proceedings subsequent to this Complaint; and

D.    Plaintiff be awarded such other and further relief, general or specific, at law or in equity, to which this Court deems it justly entitled.

                Respectfully submitted,

By: _____
Eric Lipper
State Bar No. 12399000
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 220-9181
Facsimile: (713) 223-9319

**ATTORNEY IN CHARGE FOR TORCH ENERGY ADVISORS INCORPORATED**

OF COUNSEL:

HIRSCH & WESTHEIMER, P.C.
Joe G. Roady
State Bar No. 16973000
700 Louisiana, 25th Floor
Houston, Texas 77002
Telephone: (713) 223-5181
Facsimile (713) 223-9319

## **VERIFICATION**

BEFORE ME, the undersigned authority, on this day personally appeared Eric Lipper, known by me to be the person whose name is subscribed below and who, upon his oath, stated as follows:

"My name is Eric Lipper. I am over 21 years of age, of sound mind and capable of making this sworn statement. I am the attorney representing Torch Energy Advisors Incorporated in connection with the above-referenced matter.

I have read the foregoing Complaint and state, on my oath, that all of the statements contained therein are true and correct and within my personal knowledge solely as counsel for Torch Energy Advisors Incorporated. I do not have knowledge independently of my relationship as attorney. I am not otherwise a fact witness in this case.

I have attached true and correct copies of the documents referenced in the foregoing Complaint.

SIGNED on this _____ day of _____, 2007.

_____
Eric Lipper


SUBSCRIBED AND SWORN TO BEFORE ME on this _____ day of January, 2007.


_____
NOTARY PUBLIC, STATE OF TEXAS